*30 The opinion of the Court was delivered by
O’Neall, J.
The pleading in this case is very far from being as perfect as it might have been. The plaintiff’s replication sets out, that the defendant’s testator was cited to account, and did account, for the estate of his intestate, and upon such accounting, he was decreed to pay A. P. Conner, as his share of the estate, $121 36; and then in a parenthesis, it is stated that the said A. P. Conner was the assignee of some of the distribu-tees, and entitled to their interests and shares. This was informal, and was perhaps cause of special demurrer. For, unquestionably, the better mode of stating the case would have been to set out, that Wade Shuttlesworth and Sarah Mathews being entitled, as distributees of John Mathews, deceased, to shares of his personal estate, had assigned the same to A. P. Conner, with power to receive the same, and therefore he had cited the defendant’s testator, the administrator, to an account before the Ordinary, and upon such accounting the Ordinary had decreed the sum of $121 36 to be paid to the said A. P. Conner. Such a statement, properly enlarged, with time and place and proper averments, would have been a better assignment of the breach of the bond than the one before us. Still it in substance makes the same case. The defendant’s rejoinder traverses and denies the assignment — to which the plaintiff has demurred.
The questions which arise, are, first, had the Ordinary jurisdiction of the case between the assignee of the distributees and the administrator? and, second, if he had, what was the effect of his decree ?
It is very true, that by the Stat. 22 and 23, C. 2, c. 10, (1 Brev. Dig. 90,) it is provided, that the Ordinary may make equal distribution amongst the wife, children or children’s children; and failing them, among the next of kin. But it by no means follows, that he may not decree in favor of those representing them. Indeed, a decree for such representative would be as much a decree in favor of wife, child or children’s children, (as the case may be,) as if such wife, child or children had demanded it. *31 The jurisdiction of a limited court is rarely to be confined to persons. Residence in corporations may limit the jurisdiction of corporate courts ; but in most other instances jurisdiction is decided by the subject-matter. As in this instance, this is an administrator’s account; of it, there is no doubt the Ordinary had ample jurisdiction. Who was entitled to that account? He who showed that he was entitled to have distribution made. Any one injured by the breach of the administrator’s bond in failing to account, or after accounting, in failing to pay over the share decreed, has the right to put the bond in suit. (1 Brev. Dig. Tit. 76, § 26, 29.) This shows that the limit of the power of demanding an account, is not to the distributees, named in 22 and 23 Charles 2, c. 10 ; for, to enable any one to sue the bond, there must be an account.
In equity, there could be no doubt that the assignee of the distributees might file a bill, and have an account. It is said, the distributees must there have been parties. That may be true : but I do not know that it follows, that, in the Ordinary’s Court, the same rule prevails. He makes up no formal record. Any distributee may, as he comes of age, demand, and have the account: the other distributees are no parties to it; it is the business of the administrator to see that the account is taken correctly. For if he does not, he will be answerable to the other distributees. Here, in this case, the assignee was the attorney, by the very assignment, of the distributees, Shuttlesworth and Mathews, and they are to be considered as in the Court of Ordinary when the decree was rendered. When the decree is presented, we are to presume, omnia esse rite acta, until the contrary appears. If the proceedings are not made up with technical precision, it is no objection. Even a citation, the beginning'of the account before the Ordinary, will be presumed after decree. (Lyles vs. McClure, 1 Bail. 7; the Same vs. Robinson, Id. 25.) I think, therefore, that in this respect, there is no objection to the decree set out.
2d. What is the effect of the decree ? The general rule is, that on the accounts, the Ordinary’s decree is prima facie *32 merely. But, as to the party in whose favor it is pronounced, it has never been otherwise regarded than as conclusive. It is so regarded in the Ordinary vs. Mortimer, 4 Rich. 276 ; for it is there said, “ It would be a strange notion about the effect of a decree, if the party who obtained it, on the allegation that he was entitled as distributee, should not be considered as thereby having his right established. I therefore take it as indisputable, that their right to claim one share of the estate, whatever that may be, is conclusively settled.”
In this casé, it is supposed this rule will operate hardly, as it is alleged the assignment may be a forgery. The distributees, by whom it purports to have been executed, might have gone before the Ordinary and made that question, by moving to vacate his decree, on that ground. Every Court possesses the power to set aside its own decrees or judgments, on a proper case made; but it by no means follows, that another Court, even if it be a superior one, has any such power.
The decree set out in the replication having been made by the Ordinary, in a matter of which he had jurisdiction, and being conclusive as to the party for whom it was rendered, it follows that the rejoinder, which undertakes to deny his right, was improperly pleaded.
Indeed, it is in no shape an answer to the plea; it is a mere traverse, and denial of one fact alleged in it. This, according to Gray vs. Gidiere, (5 Rich. 386,) made the replication bad ; so that looked at, as mere matter of pleading, the rejoinder could not have been sustained ; but if it had been, that the replication did not set out a sufficient cause of action, the demurrer .would have carried us back to that, and the plaintiff would have been defeated.
But being satisfied that his cause of action there stated was sufficient, it follows, both on form and in substance, that the demurrer was properly sustained.
The motion is dismissed.
Withers, Whitner and Glover, JJ., concurred.

Motion dismissed.